WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evelyn Lee Spooner, | No. CV-12-02612-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Defendants City of Phoenix (the "City"), Phoenix Police Department, and Detective Tori Brown have filed a motion for summary judgment. Doc. 27. The motion is fully briefed. For the reasons that follow, the Court will grant the motion.[1]

**I.  Background.**

Plaintiff Evelyn Spooner's claims arise out of criminal charges that were filed against her in October 2011.[2] Doc. 27 at 4. Plaintiff was charged with three counts of theft pursuant to A.R.S. § 13-1802(B) (theft from a vulnerable adult), and A.R.S. § 13-1815 (unlawful use of power of attorney). Doc. 37 at 4. These charges stemmed from a missing persons report that was filed by the stepdaughter of Mary Bossone, a 95-year-old Florida resident. Doc. 27 at 2. The report alleged that Mrs. Bossone had come to Phoenix with Plaintiff for a one-week vacation, and had never returned. *Id.* The police

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Plaintiff is also known as Lee DuBelle and E.L. Dubel, among other names.

determined that Mrs. Bossone was living in Phoenix at Magda Family Home Care. *Id.* at 3. An investigation conducted by Detective Brown revealed concerns over Mrs. Bossone's competence and susceptibility to undue influence. *Id.* Detective Brown notified Maricopa County's Office of the Public Fiduciary of her investigation and that office elected to file a petition for temporary appointment of a conservator. *Id.* A conservator was appointed on November 14, 2009, and Mrs. Bossone passed away three months later on February 7, 2010. *Id.* After Mrs. Bossone's death, the Public Fiduciary elected to move forward with an investigation of Plaintiff on Mrs. Bossone's behalf. *Id.* After serving search warrants at Plaintiff's home and rental properties and employing a forensic accountant to examine Mrs. Bossone's bank accounts, Detective Brown submitted the case to the prosecutor's office and recommended that Plaintiff be charged with the three counts of theft mentioned above. *Id.* at 4. Detective Brown was the sole witness before a grand jury convened on October 25, 2011, and the grand jury returned an indictment the same day. *Id.* Plaintiff was subsequently arrested and booked, although Detective Brown asserts that she did not recommend that Plaintiff be arrested. *Id.* The criminal charges against Plaintiff were later dismissed. Doc. 1-1, ¶ 40.

Plaintiff contends that Detective Brown was negligent in her investigation and lied to the grand jury. Doc. 1-1, ¶ 17. Plaintiff maintains that, despite a large age difference, she and Mrs. Bossone had been friends for more than 30 years and had visited each other on numerous occasions. *Id.*, ¶¶ 9-11. She denies any wrongdoing and asserts that Mrs. Bossone was competent and participated in all financial decision-making, including granting Plaintiff her power of attorney, purchasing and remodeling a home in Phoenix, and loaning Plaintiff $50,000 for the purchase of a $66,000 Cadillac. Doc. 37 at 5-7. Plaintiff asserts claims under 42 U.S.C. § 1983 (Count One), violation of the Arizona Constitution's Due Process clause (Count Two), violation of the Arizona Constitution's privacy clause (Count Three), abuse of process (Count Four), negligence (Count Five), intentional infliction of emotional distress (Count Six), malicious arrest (Count Seven), and false imprisonment (Count Eight). Doc. 1-1, ¶¶ 43-78.

## II. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Analysis.

As a preliminary matter, Plaintiff concedes that her claims for abuse of process (Count Four) and false imprisonment (Count Eight) cannot withstand summary judgment and that the Phoenix Police Department is a non-jural entity. Doc. 37 at 13-14. The Court will therefore grant summary judgment on Counts Four and Eight and in favor of Defendant Phoenix Police Department.

### A. Count One – Section 1983.

#### 1. Claim Against Detective Brown.

Defendants assert that Plaintiff's claims are "based largely on Detective Tori Brown's allegedly false or misleading grand jury testimony," and that Detective Brown "is absolutely immune from liability for *any* allegations stemming from her grand jury testimony." Doc. 27 at 6 (citing *Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012)) (emphasis original). In *Rehberg*, the Supreme Court unequivocally held that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness'

testimony." 132 S.Ct. at 1506. The immunity recognized in *Rehberg* is broad: "this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id*. Thus, any § 1983 claim against Detective Brown based on her testimony before the grand jury cannot survive.

Plaintiff argues that because criminal defendants in Arizona "routinely obtain [ ] grand jury transcripts . . . the fears of testifying truthfully and retribution . . . already exists (sic) in Arizona." Doc. 37 at 10. This and related arguments are not persuasive. *Rehberg* was based on more than fear of retribution from targets of a witness' testimony. The Supreme Court also noted the time law enforcement officers would be required to spend defending against civil claims if § 1983 actions were available, and the evidence that could be lost if witnesses refused to testify or shaded their testimony out of fear of civil liability. *Rehberg*, 132 S.Ct. at 1506, 1509. In addition, Plaintiff cites no authority for her assertion that *Rehberg* should not apply to state grand jury testimony.

Most of Plaintiffs arguments are based squarely on alleged falsehoods in Detective Brown's grand jury testimony. Doc. 37 at 3-7. Plaintiff does make some assertions concerning alleged defects in Detective Brown's investigation, but these allegations, if true, lead only to the conclusion that Detective Brown lacked the probable cause she asserted before the grand jury. Because the Supreme Court has made clear that Detective Brown's grand jury testimony cannot be used "to support *any other* § 1983 claim concerning the *initiation or maintenance* of a prosecution," 132 S.Ct. at 1506 (emphasis added), the Court concludes that Plaintiff's other arguments, which all lead ultimately to Detective Brown's grand jury testimony, also fail.

## 2. Claim Against City of Phoenix.

In *Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978), the Supreme Court held that 42 U.S.C. § 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional

rights."  The execution of a government policy or custom must be the "moving force" behind the constitutional violation.  *Id.* at 694.

Defendants argue that "plaintiff has not even alleged an actionable policy or custom" of the City which was the moving force behind any constitutional violation.  Doc. 27 at 9.  Plaintiff responds that "the City has tolerated Det. Brown's practice or custom since at least 2009," and points to Detective Brown's alleged conduct in other cases.  Doc. 37 at 9.  In fact, Plaintiff has provided no evidence of a policy or custom of the City, let alone evidence of a constitutional violation.  This is not sufficient to support a *Monell* claim against the City.

Although Plaintiff has not made such an argument, a municipality may be found to be deliberately indifferent to the constitutional rights of its citizens and thus liable under § 1983 where "city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights[.]"  *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty, Okla. v. Brown*, 520 U.S. 397, 407 (1997)).  "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Bryan Cnty*, 520 U.S. at 410 (internal quotation marks omitted).  In order to demonstrate deliberate indifference, it is "ordinarily necessary" to show "[a] pattern of similar constitutional violations by untrained employees[.]"  *Connick*, 131 S.Ct. at 1360 (citing *Bryan Cnty*, 520 U.S. at 409).

Plaintiff has failed to offer evidence to establish that the City was deliberately indifferent to Detective Brown's alleged constitutional violations.  She cites several Maricopa County Superior Court cases purportedly involving misconduct by Detective Brown, but she fails to provide the Court with any documentation from those cases.  *See* Doc. 37 at 2-3.  Plaintiff does provide a minute entry from *State v. Borsenik* (Doc. 36-2 at 1), showing that the court remanded the case to the grand jury based on concerns about Detective Brown's grand jury testimony.  That minute entry, however, was entered on October 3, 2012, nearly one year after the events in this case took place.  Accordingly,

the *Borsenik* case is not evidence that the City had actual or constructive notice of any potential constitutional violations by Detective Brown at the time of her October 25, 2011 grand jury testimony. The Court will grant summary judgment for the City on this count.

### B. Remaining State Law Claims.

The Court may decline to exercise supplemental jurisdiction over state-law claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)). With the elimination of Plaintiff's federal claim, the basis for the Court's jurisdiction no longer exists. The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

Because only state law claims remain, the Court concludes that this action should be remanded. Arizona state courts have greater interest and expertise in resolving state law claims. Further, remand will benefit the federal system by allowing this Court to devote its scarce resources to resolving federal issues. The Court will therefore remand Plaintiff's remaining claims to state court.

### C. Other Pending Motions.

Also pending before the Court is Plaintiff's motion in limine seeking a determination that Detective Brown's police report is admissible. Doc. 29. The Court will deny this motion as moot.

1    **IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 27) is
2 **granted**. Plaintiff's motion in limine (Doc. 29) is **denied** as moot. The Clerk is directed
3 to **remand** this action to state court.
4    Dated this 13th day of February, 2014.

_____
David G. Campbell
United States District Judge